AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | |
| KELVIN LACEN-ROMAN | ) | Case No.   5:26-MJ-57 (ML) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant(s)** | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of March 17, 2026 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § §  841(a)(1) & (b)(1)(B) | Possession with Intent to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance |

This criminal complaint is based on these facts:
See attached affidavit

☒    Continued on the attached sheet.

*Irving Reynolds*

_____
*Complainant's signature*

Irving E. Reynolds, Task Force Officer

_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    March 18, 2026

*Miroslav Lovric*

_____
*Judge's signature*

City and State:    Binghamton, New York

Hon. Miroslav Lovric, U.S. Magistrate Judge

_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Irving E. Reynolds, being first duly sworn, hereby depose and state as follows:

1.      I make this affidavit in support of a criminal complaint charging Kelvin LACEN-ROMAN ("LACEN-ROMAN") with violating Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B),  possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

2.      I am a Task Force Officer ("TFO") with the United States Postal Inspection Service ("USPIS") currently assigned to the Contraband Interdiction and Investigation Team in Syracuse, New York. Thus, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 3061. I have been a Police Officer with the City of Syracuse Police Department for over seven years, with over three years of that time serving as a Detective in the Special Investigations Division ("SID"). SID focuses primarily on investigating narcotic-related offenses. Prior to working for the City of Syracuse, I was a Police Officer in New York State for approximately twelve years. I have received training in criminal investigations, procedures, and criminal law, and I have acted as the lead investigator and have assisted other law enforcement agents in numerous criminal investigations and in the execution of search warrants. I have received training from USPIS in the investigation of controlled substances and proceeds/payments for controlled substances being transported through the United States Mail. I have also received asset forfeiture training and have consulted with senior Postal Inspectors. Further, I have been the affiant on multiple previous federal search warrants which have resulted in the seizure of controlled substances.

3.      During my employment with UPSIS and SPD, I participated in numerous successful investigations into illicit drug distribution networks and have interrogated numerous defendants, informants and others who were sellers, distributors, or users of narcotics and other

illicit drugs.  Also, I have been involved in the monitoring, intercepting, and recording of court-ordered wiretaps, and have participated in numerous search warrants/arrest warrants involving narcotics trafficking.  I have arrested numerous individuals for violations for Title 18 and 21 of the U.S.C. I have interviewed and worked with many confidential and reliable informants, whose reliability and veracity have been verified through prior law enforcement investigations, and whose assistance has resulted in the controlled purchase of narcotics, controlled substances, and the introduction of undercover police officers to persons who engage in the sale of controlled substances.  I have several schools and seminars which concern the enforcement of the laws prohibiting trafficking in narcotics and dangerous drugs, as well as the packaging and concealment of narcotics.   Additionally, I have training and experience in fraud related offenses and have consulted with investigators/agents who specialize in fraud related crimes. As a result of my training and experience, I am familiar with the language, conduct and customs of people engaged in conspiracies to violate the narcotics laws of the United States and in fraud related offenses.  I have personally participated in the investigation of the offenses set forth below.  As a result of my participation and review of past and present reports made by other Law Enforcement Officers from state and local law enforcement agencies, Inspectors and Task Force Officers of USPIS, I am fully familiar with the facts and circumstances of this investigation.

4.      Because this affidavit is being submitted for the limited purpose of demonstrating probable cause to support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts and circumstances that I believe establish probable cause for the complaint.

5.      On March 16, 2026, U.S. Magistrate Judge Miroslav Lovric signed a warrant authorizing law enforcement to search, among others, the person of Kelvin LACEN-ROMAN

2

("LACEN-ROMAN"), his residence in the City of Syracuse (hereafter, "the Target Residence"), and his vehicle (hereafter, "the Target Vehicle").

6.    On March 17, 2026, law enforcement agents initiated surveillance related to the delivery of United States Postal Service ("USPS") Priority Mail parcel bearing tracking number 9505510402896073198321 (hereafter "Parcel 8321") to 335 Comstock Avenue, Apt. 3, Syracuse, NY, 13210. The parcel had been mailed from San Juan, Puerto Rico, on March 14, 2026, and displayed characteristics consistent with parcels previously seized containing controlled substances. These indicators included that the parcel: (a) originated from Puerto Rico; (b) was paid for in cash; (c) was shipped via Priority Mail; (d) the name on the package does not associate with the address and is not addressed to Kelvin LACEN-ROMAN; (e) weighed over three and one-half pounds; and (f) was sent as a single retail counter transaction.

7.    While conducting surveillance of the delivery and of LACEN-ROMAN, agents observed LACEN-ROMAN leave the Target residence and drive the Target vehicle to 335 Comstock Avenue. After parking, LACEN-ROMAN exited the vehicle and walked around the exterior of the multi-unit residential property, checking areas on both the east and west sides of the structure. Unable to locate Parcel 8321 because it had not yet been delivered, LACEN-ROMAN left the immediate area and waited in a nearby parking lot.

8.    A short time later, a USPS carrier delivered Parcel 8321 to an exterior deck area on the east side of 335 Comstock Avenue. Immediately after the delivery, LACEN-ROMAN returned to the location, exited the Target Vehicle, and retrieved the parcel. He then reentered the Target Vehicle and departed the area.

9.    Due to evasive driving, agents briefly lost visual contact with LACEN-ROMAN's vehicle. A short time later, however, LACEN-ROMAN was observed exiting Thornden Park

3

Drive, located within a public park in the City of Syracuse. While retracing his route of travel, agents located a white Priority Mail cardboard box protruding from a trash receptacle in the park. Upon inspection, the empty box was confirmed to be Parcel 8321 based on the exterior shipping labels and markings.

10.    Agents subsequently continued surveillance and followed LACEN-ROMAN to the parking lot of the Target residence, where he was detained without incident pursuant to the previously obtained search warrant. At the time of the encounter, LACEN-ROMAN was carrying a black and brown paper bag, which contained a green and black Ryobi cardboard box indicating that the box contained Ryobi drills and a Ryobi tool bag. Inside the Ryobi box was a Ryobi tool bag and inside that bag instead of Ryobi tools there were three rectangular, plastic-wrapped blocks of compressed white powder. The three packages had a combined gross weight of approximately 3,072 gross grams.

11.    A field identification test of the substance was conducted using a TruNarc handheld narcotics analyzer, which produced a presumptive positive result for cocaine hydrochloride (Cocaine HCL) for all three compressed blocks of powder.

12.    Law enforcement then searched the Target Residence and Target Vehicle and located several items, including the following:

      a.    Numerous Ryobi tool bags and boxes;

      b.    An Assida 6600 UV MG money counter;

      c.    "Backwoods" digital scale;

      d.    A USPS Priority Express envelope addressed to LACEN-ROMAN at the Target Residence;

4

e.    The Ryobi boxes and tool bags found during the search matched the packaging materials of previously seized parcels containing kilogram quantities of cocaine and the packaging materials containing the kilograms of cocaine found in LACEN-ROMAN's possession upon execution of the search warrant for his person.

13.    Based on my training, experience and knowledge of this investigation, the quantity of cocaine found in LACEN-ROMAN's possession is consistent with the distribution of that substance to others, rather than personal use.

14.    Based on the facts set forth above, I respectfully submit that there is probable cause to believe that Kelvin LACEN-ROMAN has violated Title 21, United States Code, Sections 841 (a)(1) and (b)(1)(B), possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_Irving Reynolds_

_____

Irving E. Reynolds
U.S. Postal Inspection Service
Task Force Officer

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on March 18, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_Miroslav Lovric_

_____

Honorable Miroslav Lovric
U.S. Magistrate Judge

5